**10:UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

EXECUTIVE AMBULATORY SURGICAL
CENTER, LLC, as Assignee of Kenneth Taylor,

    Plaintiff,

v.

                                                  Case No. 21-11901

GREAT WEST CASUALTY COMPANY,
PROGRESSIVE MICHIGAN INSURANCE
COMPANY, AND PROGRESSIVE
MARATHON INSURANCE COMPANY,

    Defendant.
_____/

**ORDER DIRECTING THE PARTIES TO ENGAGE IN LIMITED
JURISDICTIONAL DISCOVERY AND SETTING STATUS CONFERENCE**

On December 16, 2021, at the request of the parties, the court held an off-the-record telephonic status conference regarding the present litigation. During the conference, the parties highlighted that Plaintiff's amended complaint (ECF No. 9), which added two additional insurance company Defendants (Progressive Michigan Insurance Company and Progressive Marathon Insurance Company) to this diversity action, may have deprived the court of jurisdiction in this matter. The parties discussed whether either a motion to remand the action to state court or a motion to strike the amended complaint may be appropriate.

        Defendant Great West Casualty Company—who originally removed this matter to federal court—noted it had uncovered information indicating that Progressive Michigan Insurance Company, despite its name, may not be considered a citizen of Michigan. According to Great West's counsel, Progressive Michigan was incorporated in Ohio.

Great West requested that the parties be allowed to engage in a short period of jurisdictional discovery to clarify the citizenship of the different parties in this matter. The parties jointly indicated that following such discovery in may be possible for the parties to come to an agreement on the proper resolution of the jurisdictional issue. The court determines that this potential jurisdictional issue must be addressed before proceeding with general discovery in this matter. Therefore, a short period of (documentary) discovery on the issue of jurisdiction is appropriate. In order to conserve the parties' resources, the court also finds that it is appropriate to stay all other deadlines in this matter while the parties engage in such limited discovery. Accordingly,

IT IS ORDERED: that the parties are DIRECTED to engaged in limited (documentary only) jurisdictional discovery to determine the citizenship of the parties to this action. The deadline for completing this discovery is **1/31/2022**.

IT IS ORDERED that all other deadlines in this action are hereby STAYED until **January 31, 2022**.

IT IS FURTHER ORDERED that the parties attended a follow-up telephone status conference on **February 8, 2022** at 10:00am.  The court will initiate the call.

s/Robert H. Cleland                        /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  December 20, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 20, 2021, by electronic and/or ordinary mail.

<u>s/Lisa Wagner                              /</u>
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\AAB\Opinions and Orders\Civil\21-11901.EXECUTIVEAMBLULATORY.PaperDiscoverySchedule.AAB.docx